

Bank Of America, N.A. Vs Yhwh Etal-CMCFM

**EXHIBIT F**

**N THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

BANK OF AMERICA : Noble Yhwh
et. al. :
: 190501616

**CASE MANAGEMENT CONFERENCE MEMORANDUM**

Filing party: _Noble YHWH_        By: _____, Esq.

Counsel's address and telephone number (**IMPORTANT**) _____
_1533 Orland Street Philadelphia Pennsylvania_

## Part A

***(to be completed in personal injury cases, including uninsured and underinsured motorist claims)***

1. Date of accident or occurrence: _____

2. Date of birth of your client: _____ Age on date of occurrence: _____

   Unknown _____ Decline to provide _____

   *NOTE: Date of birth information is intended for the Court's only. The information will not be made available to the public.*

3. Most serious injuries sustained: _____
   _____
   _____

4. Is there any permanent injury claimed?    Yes_____    No_____

   If yes, indicate the type of permanent injury: _____
   _____
   _____

5. Dates of medical treatment: _____

6. Is medical treatment continuing?    Yes_____    No_____

7. Has there been an inpatient hospitalization?  Yes_____    No_____

8. Has there been any surgery?    Yes_____    No_____

   If yes, indicate the type of surgery: _____

***This form shall be presented to the Case Manager and copies served upon any party not served electronically by the Court at the time of the conference. All present must be prepared to discuss its contents.***

9. Approximate medical bills to date: $_____

10. Approximate medical bills recoverable in this case: $_____

11. Are there any existing liens (Workers' Compensation, DPW, Medical, etc.)?     Yes____ No____

    If yes, what type and approximate amount?_____

12. Time lost from work: _____

13. Approximate past lost wages: _____

14. Is there a claim for future lost earning capacity?     Yes____ No____

    If yes, approximate future lost earning capacity: _____

15. Are there any related cases or claims pending?     Yes____ No____

    If so, list caption(s) and docket number(s) or other appropriate identifier(s): _____
_____
_____

16. Do you anticipate joining additional parties?     Yes____ No____

17. Set forth a summary of facts giving rise to cause(s) of action: _____
_____
_____

18. Set forth a summary of facts in support of applicable defense(s) or any counterclaim: _____
_____
_____

19. Defense position as to causation of injuries alleged: _____

20. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

21. Are there issues as to the applicability of the above insurance coverage?     Yes____ No____

22. Demand: $_____     Offer: $_____

Part B
*(to be completed in all cases other than personal injury)*

1. Date of contract or transaction: __08/19/2019__

2. Date of birth of your ~~client~~: __09/01/1950__  Age on date of transaction: __68__

   Unknown ____  Decline to provide __✓__

   NOTE: Date of birth information is intended for the Court's use only. The information will not be made available to the public.

3. Is there a writing?  Yes____  No____

   If yes, is there an allegation that the writing does not contain the entire agreement of the parties?

   Yes____  No____

4. Is the Uniform Commercial Code applicable to this case? __Exhibit__  Yes __X__  No____
   __UCC FILING N0. 190513-1206000    17__

5. Set forth a summary of facts giving rise to the cause of action:

   __SEE ATTACH DOCUMENTS__

6. Are there any related cases or claims pending?   Yes __✓__  No____

   If so, list caption(s) and docket number(s) or other appropriate identifier(s): __PLAINTIFF__
   __MOTION FOR JUDGMENT, DENIED BY THE COURT__
   __CASE MANAGEMENT ORDER BY JUDGE FOX CASE 00911__

7. Specific questions regarding ejectment and other property matters:

   (a) How did plaintiff obtain title (Sheriff sale, deed transfer, etc.)? __illegally/unauthorized__

   (b) Date of Sheriff's sale or deed transfer: __4/2019__

   (c) Date of deed's recording: ____

   (d) Was a copy of the deed filed with the complaint, if not explain? __NO__

   (e) Was there ever a lease, if so when? __NO__

8. State the amount of damages claimed by Plaintiff:

   (a) Direct____

   (b) Consequential____

   (c) Other (specify) ____

9. Set forth a summary of facts in support of applicable defense(s) or any counterclaim:

   __SEE ATTACH/ VOID JUDGMENT OF UNAUTHORIZED__
   __SHERIFF SALE DUE TO FRAUD UPON THE COURT &__
   __COUNTERCLAIM, PRAECIPE FOR NON-FORFEITURE.__

3

10. If there is a counterclaim, state the amount of damages sought:

(a) Direct ___17,213,080,000.00_____

(b) Consequential_____

(c) Other (specify) ___300,000,000.00 Payment Bond binding to Case___

11. Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
|-----------|-------------------|-----------------|
|  |  |  |
|  |  |  |

12. Demand: $ 17,213,080,000.00        Offer: $_____

Pledge-     300,000,000.00
                9,000,000.00                    FORM 01-105 rev 11/27/18
              291,000,000.00

IMMEDIATE
RELEASE

The Court can release the Bond or all
Joinders, Plaintiff/Defendant(s) will be
responible for the Ladder

4

*No Judge's signature*
*No Service*

1903-377

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF PHILADELPHIA

| | |
|---|---|
| BANK OF AMERICA, N.A.<br>Plaintiff | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| v.<br><br>REGINALD C. NOBLE, KNOWN HEIR OF EMMA J. NOBLE; UNKNOWN HEIRS, SUCCESSORS, ASSIGNS AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING RIGHT, TITLE OR INTEREST FROM OR UNDER EMMA J. NOBLE<br>Defendant(s) | No. 180400911 |

### WRIT OF EXECUTION

### TO THE SHERIFF OF PHILADELPHIA COUNTY:

To satisfy the judgment, interest and costs in the above matter, you are directed to levy upon and sell the following described property:

**PREMISES: 1533 ORLAND STREET PHILADELPHIA, PA 19126**

(SEE LEGAL DESCRIPTION ATTACHED)

Judgment Amount                                    $ 92,793.56

(Costs to be added)                                $ _____

*Total*                                            $ _____
                                                        *Prothonotary*


Prothonotary

By: _____
                    Clerk

Date: _____



18-187282 - CoP

Case ID: 180400911

COURT OF COMMON PLEAS
No. 180400911

BANK OF AMERICA, N.A.
v.
REGINALD C. NOBLE, KNOWN HEIR OF EMMA J. NOBLE; UNKNOWN HEIRS,
SUCCESSORS, ASSIGNS AND ALL PERSONS, FIRMS OR ASSOCIATIONS CLAIMING
RIGHT, TITLE OR INTEREST FROM OR UNDER EMMA J. NOBLE

**WRIT OF EXECUTION**

JUDGMENT TOTAL          $ 92,793.56

COSTS PAID:
    PROTHONOTARY          $
    SHERIFF               $
    STATUTORY             $
COSTS DUB PROTHONOTARY   $

**PREMISES TO BE SOLD:**
**1533 ORLAND STREET PHILADELPHIA, PA 19126**

By:
RAS Citron, LLC - Attorneys for Plaintiff
Robert Crawley, Esq. ID No. 319712
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054
855-225-6906
rcrawley@rasnj.com

18-187282 - CoP

Case ID: 180400911

RAS Citron, LLC
Robert Crawley, Esq. ID No. 319712
133 Gaither Drive, Suite F
Mt. Laurel, NJ 08054
855-381-9549
rcrawley@rasnj.com

Attorney for Plaintiff

| | |
|---|---|
| BANK OF AMERICA, N.A.<br>Plaintiff<br><br>v.<br><br>REGINALD C. NOBLE, KNOWN HEIR OF<br>EMMA J. NOBLE; UNKNOWN HEIRS,<br>SUCCESSORS, ASSIGNS AND ALL<br>PERSONS, FIRMS OR ASSOCIATIONS<br>CLAIMING RIGHT, TITLE OR INTEREST<br>FROM OR UNDER EMMA J. NOBLE<br>Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>No. 180400911 |

## PRAECIPE TO ISSUE WRIT OF EXECUTION

**TO THE PROTHONOTARY**

Issue Writ of Execution in the above matter:

|  |  |
|---|---|
| Judgment Amount | $ 92,793.56 |
| (Costs to be added) | $ _____ |
| *Total* | $ _____ |

RAS Citron, LLC

Robert Crawley, Esq. ID No. 319712
Attorney for Plaintiff

18-187282 - CoP



OFFICE OF THE SHERIFF
CITY AND COUNTY OF PHILADELPHIA
Land Title Building
100 South Broad Street, 5th Floor, Philadelphia, PA 19110

## CERTIFICATION TO THE SHERIFF

JEWELL WILLIAMS, SHERIFF
Tel 215-686-3578
Fax. 215-686-3579

Address of the Property or Premises: 1533 ORLAND STREET PHILADELPHIA, PA 19126

Book and Writ No._____

This certifies that the 3129 Affidavit for the above-mentioned property is correct, complete and accurate
current to the date of filing Praecipe for Writ of Execution.

This certifies that the Attorney on the Writ will indemnify the Sheriff of the City and County of Philadelphia for any costs and/or claims arising out of any and all inaccuracies in, and/or failure to cure in said 3129 Affidavit, and further **fraudulent practice(s) on the part of the plaintiff shall invalidate the sale.**

I further certify that my client, the plaintiff, has not engaged in any fraudulent practices with regards to this particular mortgage.

RAS Citron, LLC – Attorneys for Plaintiff
Robert Crawley, Esq., ID No. 319712
133 Gaither Drive, Suite F
Mount Laurel, NJ 08054
855-255-6906

18-187282 – CoP



### COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL

BANK OF AMERICA, N.A. | April Term 2018

VS | No. 00911

HEIRS NOBLE |

### ORDER

AND NOW, this 17th day of August, 2018, it is hereby **ORDERED** as follows: This matter is continued to ~~October 23, 2018~~, at 1:30 p.m. in Courtroom 243 for status of service. Failure to effectuate service may result in a Judgment of Non-Pros.

Bank Of America, N.A. Vs Heirs Noble ORDER

|| 18040091100027 ||

BY THE COURT:

_____
IDEE C. FOX, J.

DOCKETED
COMPLEX LIT CENTER

AUG 2 0 2018

M. STIPA

COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CIVIL

| BANK OF AMERICA, N.A. | April Term 2018 |
|---|---|
| VS | No. 00911 |
| HEIRS NOBLE | |

*CASE MANAGEMENT ORDER*
*Mortgage Foreclosure*

It is hereby **Ordered**, that the above captioned matter is assigned to the **NOVEMBER 2019 Trial Pool.** This matter is subject to "next-day" call to trial effective the first Monday of Trial Pool Month. All counsel and parties must notify the Court in writing of any scheduling conflicts, including trial attachments and pre-paid vacations, no less than five (5) days before the pool month, and are under *a continuing obligation* to notify the Court of any subsequent trial attachments during the trial pool month. The Court will not recognize any untimely conflict notifications. Failure to notify the Court of any scheduling conflicts will result in the issuance of appropriate sanctions.

AND NOW, this 23rd day of October, 2018, it is **Ordered** that:

1.     . The case management and time standards adopted for expedited track cases shall be applicable to this case and are hereby incorporated into this Order.

2.     All *Discovery* in the above matter shall be completed no later than **AUGUST 5, 2019.**

3.     *Dispositive motions* must be filed no later than **SEPTEMBER 3, 2019.**

4.     A mandatory *pre-trial conference* shall be scheduled any time after **OCTOBER 7, 2019.**

Ten (10) days prior to the conference, all counsel shall serve upon all opposing counsel and/or opposing parties and file with the Court, a pre-trial settlement memorandum containing the following:

     (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant.
     (b) A list of all witnesses who may be called to testify at trial by name and address.
     (c) A list of all exhibits the party intends to offer into evidence. Counsel should expect any exhibit not listed to be precluded at trial;
     (d) Each counsel shall provide an estimate of the anticipated length of trial.

**FAILURE TO TIMELY FILE A PRE-TRIAL SETTLEMENT CONFERENCE MEMORANDUM MAY RESULT IN THE IMPOSITION OF MONETARY SANCTIONS.**

Bank Cf America, N.A. Vs Heirs Noble-CMOS

18040091100032

DOCKETED
COMPLEX LIT CENTER

OCT 25 2018

M. STIPA

*143 N 20-170*

**This Indenture,** Made this 17th day of March 1981, 1978

D— 168-443

8-

**Between,** REGINALD C. NOBLE, singleman

(hereinafter called the Grantor ),

AND

EMMA J. NOBLE

(hereinafter called the Grantee ),

**Witnesseth,** That in consideration of One Dollar ($1.00)

in hand paid, the receipt whereof is hereby acknowledged, the said Grantor___ do es hereby grant and convey to the said Grantee_____ her heirs _____and assigns.

ALL THAT CERTAIN lot or piece of ground known as _____1533 Orland Street., Phila., Pa.

and more fully described in Exhibit "A" and made a part hereof.

TO HAVE AND TO HOLD the said lot or piece of ground above described  with the buildings and _____improvements thereon erected, _____

hereditaments and premises hereby granted, to and for the only proper use and behoof of the said Grantee his heirs and assigns forever. _____

UNDER AND SUBJECT AS AFORESAID

AND the said _____Grantor, for himself, his _____ heirs, executors and administrators do by these presents, covenant, promise and agree, to and with the said Grantee___, her heirs and assigns, that ___ he ___ the said Grantor___ and ___his___ heirs, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee ___ her ___ heirs and assigns, against ___him___ the said Grantor ___ and ___his___ heirs, and against all and every person and persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under ___him, her___ them, or any of them, shall and will ___ subject as aforesaid ___

WARRANT and forever DEFEND.

**In Witness Whereof,** the said Grantor ha s executed or caused these presents to be duly executed the day and year first above written.

**Sealed and Delivered**
in the presence of us:

*Walter E. Bull* (signature)

*Forgery Fraudulent*

*Reginald C. Noble* (Seal)
REGINALD C. NOBLE

_____ (Seal)

_____ (Seal)

_____ (Seal)

10 9

STRIKE FROM THE RECORD

NO NOTARY SEAL OR STAMP

Evidence 2

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA

D- 168-446

On this, the 17th day of March, 1981, XXXX, before me, the subscriber, a Notary Public, personally appeared **Reginald C. Noble**

satisfactorily proven to be the person whose name is (are) subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained.

or

to be the , who acknowledged himself a corporation, and that he as such officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the corporation by himself as

**In Witness Whereof,** I hereunto set my hand and official seal.

MY COMMISSION EXPIRES Apr 17 1984

**Deed**

REGINALD C. NOBLE

TO

EMMA J. NOBLE

PREMISES:

1533 Orland St.
Phila. Pa.

$3.50

$.00 TOT ON$     .00
14:00 CTLTRAN#04890
000001 CLKD  03/19/91

The address of the within-named Grantee is     1533 Orland St., Phila. Pa.

Mar 19   3 42 PM '81

AS REQUIRED BY CITY OF PHILADELPHIA
REAL ESTATE TRANSFER TAX ORDINANCE

D- 168-445

___Walter S. Ball_____ certifies that he is connected with
           (Name)

the transaction entered into between __Reginald G. Noble_____
                                                                    (Grantor)
__1533 Orland St. Phila. Pa. 19126_____ and __Emma J. Noble_____
      (Address of grantor)                                              (Grantee)

__1533 Orland Street Philadelphia, Pa. 19126__ with regard to which this certificate is given in the capacity of
         (Address of grantee)

_____ and that the true, full and complete consideration of such

transaction, including liens and other encumbrances, is __$ 1.00_____ Dollars.

($ _____ ).

   The highest assessed value of said real estate for local tax purposes is __Fifty One_____

__Hundred$100--------------------------Dollars ($ __5100_____ ).

   The fair value of the property is __Fifteen Thousand_____ Dollars ($ __15,000_____ ).

If the above transaction is not taxable in whole or in part, give detailed explanation in this space.

   The above transaction is a transfer from Son  to Mother

   I hereby certify that the statements contained herein are true and correct to the best of my knowledge

and belief. I understand that if I knowingly make any false statement herein I am subject to such penalties as may

be prescribed by law or ordinance.

                                                    Walter B. Ball
                                                         (Signature)

82- 127

# EXHIBIT "A"

D- 168-444

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon erected,

SITUATE in the 10th Ward of the City of Philadelphia.

BEGINNING at a point on the Northerly side of Orland Street (40 feet wide) at the distance of Twohundred sixty-six feet, ten inches Westwardly from the Westerly side of 15th Street (60 feet wide).

CONTAINING in front or breadth on the said Orland Street Sixteen feet and extending of that width in length or depth Northwardly between lines at right angles to the said Orland Street Sixty feet to the middle line of a certain Fourteen feet wide driveway which extends Westwardly from the said 15th Street to 16th Street.

BEING No. 1533 Orland Street.

TOGETHER with the free and common use, right, liberty and privilege of the above mentioned driveway as and for a passageway and watercourse at all times, hereafter, forever.

BEING the same premises which Essan J. Noble, Trustee for Reginald C. Noble, a minor, under deed of trust dated July 2, 1964 and recorded in Deed Book CAD 218 page 143 and Reginald C. Noble by deed dated 9/15/1972 and recorded at Philadelphia County granted and conveyed unto Reginald C. Noble, singleman, in fee.

UNDER AND SUBJECT to certain restrictions as of record.

*Evidence 3*

143 N 20-170      *Original Deed Laurel Deed in Trust*

# This Indenture

*MADE THE*   2nd D   218 143   86

day of   *July*   : in the year of our Lord one thousand nine

hundred and sixty-four (1964)   **Between** JOSEPH SCIPIONE and ANNE M. SCIPIONE, his

wife; of the City and County of Philadelphia, Commonwealth of Pennsylvania; (hereinafter

called the GRANTORS) of the one part:

A N D

EMMA J. NOBLE, In Trust for Reginald C. Noble, a minor; (hereinafter called the GRANTEE) of

the other part:

## Witnesseth, That the said ____ Grantors

for and in consideration of

the sum of   EIGHTY-SIX HUNDRED (3'600.00) DOLLARS

lawful money of the United States of America, unto   them   well and truly paid by

the said   Grantee

at and before the sealing and delivery of these presents, the receipt whereof is hereby

acknowledged, ____ have ____ granted, bargained, sold, aliened, enfeoffed, released and con-

firmed, and by these presents   do ____   grant, bargain, sell, alien, enfeoff, release and

confirm unto the said Grantee, her Heirs, Successors ____

and Assigns,

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements thereon

erected,

SITUATE in the Fiftieth Ward of the City of Philadelphia.

BEGINNING at a point on the North side of Orland Street (Forty feet wide) at the distance

of Two hundred fifty-six feet, ten inches Westwardly from the West side of Fifteenth Street

(Sixty feet wide).

CONTAINING in front or breadth on the said Orland Street Sixteen feet and extending

of that width in length or depth Northwardly between Lines at right angles to the said Orland

Street Sixty feet to the middle line of a certain Fourteen feet wide driveway which extends

Westwardly from the said Fifteenth Street to Sixteenth Street.

BEING No. 1533 Orland Street.

BEING the same premises which John William Fleming and Margaret J., his wife, by Indenture bearing date the Thirtieth day of November, A.D., 1936, and recorded at Philadelphia, Pennsylvania, in Deed Book C.A.B. No. 1351, Page 128 &c., granted and conveyed unto the said Joseph Scipione and Anne H., his wife, as tenants by the entireties.

AND BE ALL SUBJECT to certain building restrictions of record.

TOGETHER with the free and common use, right, liberty and privilege of the above mentioned driveway as and for a passageway and watercourse at all times hereafter, forever.

AND






















The State and City stamps affixed, represent full consideration, including liens and incumbrances.

**Together** with all and singular the _____ buildings,
Streets, Alleys, Passages, Ways, Waters, Water-courses, Rights, Liberties, Privileges, Hered-
itaments and Appurtenances whatsoever thereunto belonging or in anywise appertaining,
and the Reversions and Remainders, Rents, Issues and Profits thereof; and all the Estate
right, title, interest, property, claim and demand whatsoever of them, the Grantors as
aforesaid,

in law, equity, or otherwise howsoever, of, in and to the same and every part thereof,

**To have and to hold** the said     lot or piece of ground with the buildings and
improvements thereon erected,                                    Hereditaments and
Premises hereby granted, or mentioned and intended so to be, with the Appurtenances
unto the said

Grantee, her Heirs, Successors

and Assigns, to and for the only proper use and behoof of the said
Grantee, her Heirs, Successors

and Assigns for ever.     UNDER AND SUBJECT as aforesaid.

IN TRUST, nevertheless, for the following uses, intents and purposes and UNDER AND
SUBJECT to the several proviso, restrictions, limitations and conditions following, that is
to say: That she, the said Emma J. Noble, Trustee as aforesaid, her Heirs, Successors and
Assigns, shall manage, let and demise and take and receive the rents, issues and profits of
the said hereby granted premises, and to accumulate the income for her son, Reginald C.
Noble, a minor, and to use same for the maintenance, support and education of her said son,
Reginald C. Noble, or to occupy said premises with her son, Reginald C. Noble, until the said
Reginald C. Noble shall attain the full age of twenty-one years. The said Emma J. Noble,
Trustee as aforesaid, paying all taxes and charges on said hereby granted premises and making

all necessary and proper repairs thereof. AND from and immediately upon the arrival of the said Reginald C. Noble at the age of twenty-one years, all accumulated funds to be paid over to said Reginald C. Noble, and at that time said premises to vest in the said Reginald C. Noble, his heirs and assigns, free and clear of and from all trusts and limitations and without the necessity of the said Emma J. Noble, Trustee as aforesaid, filing an account.

AND it shall and may be lawful for the said Emma J. Noble, Trustee as aforesaid, at any time during the continuance of said Trust, to sell and dispose of said premises hereby granted, or any part thereof, or to mortgage the said premises, or any part thereof, and by proper deed or deeds, conveyance, mortgage or mortgages or assurances in the law, to grant, convey, mortgage, assure the same to the purchaser or purchasers, mortgagee or mortgagees thereof without any liability on the part of such purchaser or purchasers, mortgagee or mortgagees to see to the application of the purchase or mortgage money.

PROVIDED, however, nevertheless, that in the event of the said Reginald C. Noble dying before he attains the age of twenty-one years, then the said premises shall vest in his mother, the said Emma J. Noble, her heirs and assigns, free, clear and discharged of and from all trusts.

AND in the event of a sale or mortgage of the said premises, the proceeds or the mortgage funds shall be impressed with the same trusts as the premises hereinbefore described and granted are held by her, the said Emma J. Noble, Trustee as aforesaid.

AND

**And** the said Grantors, for themselves and their

Heirs, Executors and

Administrators, Do ___ by these presents convenant, grant and agree to and with the said

Grantee, her Heirs, Successors

and Assigns,

that ___ they ___ the said ___ Grantors and their

Heirs, all and singular the Hereditaments and Premises hereinbefore described and granted, or mentioned and intended so to be, with the appurtenances, unto the said

Grantee, her Heirs, Successors

and Assigns,

against them ___ the said Grantors and their

Heirs, and against all and every other Person or Persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under ___ him, her, ___ them, or any of them, ___ shall and will

SUBJECT as aforesaid ___ WARRANT and forever DEFEND.

**In Witness Whereof,** the said Parties to these Presents have hereunto interchangeably set their hands and seals.  Dated the day and year first hereinbefore written.

**Sealed and Delivered**
IN THE PRESENCE OF US

_(signatures)_                                      _Joseph Scipione_ ...(SEAL)
                                                                        JOSEPH SCIPIONE

                                                                        _(signature)_ ...(SEAL)


I, the undersigned, hereby accept the terms and conditions

of within Trust:

_Emma J. Noble_

EMMA J. NOBLE

*Evidence 4*

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF STATE

No : 201917459

## OFFICE OF THE SECRETARY OF THE COMMONWEALTH

JUNE 7, 2019

PENNSYLVANIA, SS:

I, Kathy Boockvar, Acting Secretary of the Commonwealth of Pennsylvania, DO HEREBY CERTIFY, that it appears by the records of this office that

### AKILAH BEY ISRA'EL

whose official attestation appears upon the attached instrument, was at the time of signing the same, a duly appointed, commissioned and qualified NOTARY PUBLIC in and for the Commonwealth of Pennsylvania, USA, with a registered office in the

### PHILADELPHIA COUNTY

and as such officer had power to administer oaths and affirmations, to take depositions and affidavits, to take and receive the acknowledgement or proof of all deeds, conveyances, mortgages, and other instruments of writing, touching or concerning any lands, tenements or hereditaments in any part of said state, receive the proof of acknowledgment of all instruments of writing relating to commerce or navigation, letters of attorney, and such other writings as have been usually proved or acknowledged before notaries within said Commonwealth according to law, in all matters belonging or incident to the exercise of notarial office, and accordingly full faith and credit are due and ought to be given to the official acts of the said notary;

I, DO FURTHER CERTIFY, That I verily believe the seal and signature attesting the same are genuine.



IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the seal of my Office to be affixed, the day and year above written.

*Kathy Boockvar*

Acting Secretary of the Commonwealth

This Certification only certifies the authenticity of the signature and the capacity of the person who has signed the public document, and, where appropriate, the identity of the seal or stamp which the public document bears.

This Certification does not certify the content of the document for which it was issued.

This Certification is not valid for use anywhere within the United States of America, its territories or possessions.



**Number**

R895124676N69

-300.000.000.00

2019 JUN 21 PM 12:51

## Certified Payment Bond

ORIGINAL ISSUE
June 07 2019

**A FULLY SECURED DEMAND-DEPOSIT NEGOTIABLE PECUNIARY INSTRUMENT**

Pay Bearer

THREE HUNDRED MILLION DOLLAR AND NO CENTS

UNITED STATES DOLLAR

PAY:U.S. TREASURY FOR CREDIT TO COMMON PLEAS COURT
ON BEHALF OF RE: REGINALD CUPID NOBLE, ESTATE
PAYABLE AT DISTRICT THREE (3)

For Further Credit to:
NOBLE & NOBLE BANKING TRUST
FOR REGINALD CUPID NOBLE, INTER VIVO
1533 ORLAND STREET
PHILADELPHIA, Pa. 42101

Routing Information:   CAF No.0308-29298R

*This CERTIFIED PAYMENT BOND shall be entered as an asset to the United States Department of the Treasury in the amount above*

**CERTIFIED FUNDS.** This Certified Payment Bond has been tendered lawful, and in good faith as a fully collateralize demand-deposit negotiable pecuniary conditions instrument pursuant to the full faith and credit for the grantor/maker ex-officio and certain guarantors listed on private issue Bond for Equinity from Case, with Docket no. 190501616 as Performance Bond no. R895124676N69 routed by "ESC" to Registrar Money Transmitter No. PA-1628891950 on deposit with the United States Department of the Treasury. The grantor certifies the validity of the instrument for proceeds from the Litigation to the application to new technology development(s) Neighborhood Infrastructure projects, housing for the homeless

**OBLIGATION.** The grantor unconditionally pledges full faith, and credit to Noble & Noble Banking Trust Company for the United States Treasury. Hereby pledge3% of the face amount of the Bond to the Philadelphia County Common Pleas Court for processing and bonding Docket no.190501616 and partial release of 5% of the Bond to Noble &Noble Banking Trust Company, the reminder including the par value to the above Account until so ordered otherwise including the sum of Three Hundred Million Dollar, and no cents at the WINDOW of the United States Department of the Treasury upon presentation and surrender bond 18 U.S.C. 8 United States of America Obligation March 9th, 1933 Act, June 5th, 1933 HJR 192.Maturity Date: 09/07/2019.

**SECURITY.** To secure this obligation, the grantor pledges the following registered securities deposited in escrow with Common Pleas Court until further notice for distribution failure to process this instrument all parties agree to these codes 18 USC 1831, 28 USC 3002 18USC 1029, 18USC 1901 26 USC 7214 and other related charges

| COLLATERAL | CENTURALIZED ASSET FUND | PA. MONEY TRANSMITTER No. |
|---|---|---|
| R895124676N69 | 0308-29298R | 1628891950 |
| BOND ORDER NUMBER | | |

ACCORD AND SATISFACTION TO ESTABLISHED INJURY

Steven T. Mnuchin
Secretary of the Treasury
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

**U.S. TAXPAYER ACCOUNT.** The Internal Revenue Service, Department of the Treasury shall by end of business the day of presentment and in any case no later than one business day thereafter post the full or partial value of this bond to binding case number 190501616 now ALLEGED PLAINTIFF IS NOW LIBELEE to equity for injury established by: LIBELEE(S)-JUDGEMENT-DEBTOR-MUST RE-EMBURST this BOND at par value dollar for dollar equivalent for accord and satisfaction with generally accepted accounting principles any and all past, present, future debts, liabilities, encumbrances, deficiencies, deficits, liens, charges, fees, interest, bills, true bills, taxes, obligations of contract and/or performance, instruments of debt, and all other obligations (jointly and severally "Liabilities") attributed to obligation of established injury from True Bill



| | 3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | .00 USD |
|---|---|---|---|---|---|---|---|---|---|---|

Payee enter the amount due above

The Court on behalf of REGINALD CUPID NOBLE, Judicature according to foreign certificate title "exemplification" shall release the secure bond ONLY to settle obligation to Trustee-Noble Noble Banking Trust dollar-for-dollar to the extent so paid, with the par-value of the bond remaining in full force and effect, upon satisfaction of this obligation in full, the Secretary shall mark the bond canceled and return it bearing the marks of cancellation to the grantor or the grantor's heirs by registered/certified mail, within 72 hours processing time all pecuniary value, and other proceeds accruing since presentment to remain with the Philadelphia District Attorney Criminal Investigation(s), Prosecutions, Apprehension(s) and Asset Confiscation. Face amount to the maker/Grantor

STATE OF PENNSYLVANIA }
                                              }ss
COUNTY OF PHILADELPHIA }

Subscripted signed and affirmed:
IN WITNESS WHEREOF, the Signatory to this bond does hereby affix his/her respective hand and seal on this 07th Day in the month of June in the Year Two Thousand and Nineteen

Witness _____   Witness _____   ex-officio   X _____
                                                                    Lord, reginald noble Adjudicaure
                                                                    Private Banker 832471118
                                                                    c/o 1533 Orland Street 42191 Philadelphia Pa.

## PA TREASURY REGISTRAR NO. 1628891950, GUARANTOR
## BEARER BOND

Whereas, The pecuniary retrieval for Pa. 1628891950 manufactured date 09/08/1950 Guarantor, a special purpose in the State of Pennsylvania ("Company") as warrantor to intrastate commerce within FIPS 42: 003, 101, 029, 045 and 069 up to **300.000.000.00 (Three Hundred Million Dollar)** Credits in aggregate principal amount of this **Secured Bond**, (the "Bond"). The Bond is Foreign issued pursuant to the Rule 144A in accordance with the Securities and Exchange Act 1922, between the Philadelphia Common Pleas Court First Judicial District and Indenture Trustee, Noble & Noble Banking Trust Company. The Bonds will be Securities Certification of Certificates no.1628891950 and Definitive Treasury Securities, productions; an investment portfolio consisting of Eligible Investments (as defined below) which may comprise one or more of the following investments (collectively, the "Eligible Investments"): (i) cash; (ii) U.S. Treasury Securities; (iii) obligations of foreign and U.S. banks (a) comprised in their entirety of U.S. Treasury obligations. See "Description of the Bonds."

THIS BEARER BOND IS PURSUANT TO AND IN ACCORDANCE WITH FINAL ARTICLES OF THE UNCITRAL CONVENTION RATIFIED ARTICLES 1-7, 11-13, 46-3, 47-4(C), 51, HOUSE JOINT RESOLUTION 192 OF JUNE 5, 1933 PUBLIC LAW 73-10, 12 CFR 229.2,210.2 -UCC 1-104, 10 104, 12 USC 1813(L)(I), UCC8-102 (9), 31 USC 3123 AND 31 USC 392,5103 AND UCC4-105, 12 USC 411 AND 95A (2) ALL RIGHTS ARE RESERVED WITHOUT RECOURSE UNDER THE UCC 1-308 and UCC 3-603 RESPECTIVELY. PAYMENT FOR THIS BOND DUE IMMEDIATELY ON SIGHT FORM CERTIFICATE RESERVES ACCOUNT.

"THE SECURITY (OR ITS PREDECESSOR) EVIDENCED HERBY WAS ORIGINALLY ISSUED IN A TRANSACTION EXEMPT FROM REGISTRATION UNDER SECTION 5 OF THE UNITED STATES SECURITIES ACT OF 1933 (THE "SECURITIES ACT"), AND THE SECURITY EVIDENCED HERBY MAY NOT BE OFFERED, SOLD OR OTHERWISE TRANSFERED IN THE ABSENCE OF SUCH REGISTARTION OR AN APPLICABLE EXEMPTION THEREFROM. EACH PURCHASER OF THE SECURITY EVIDENCED IN HEREBY NOTIFIED THAT THE SELLER MAY BE RELYING ON THE EXEMPTION FROM THE PROVISIONS OF SECTION 4 OF THE SECURITIES ACT PROVIDED BY RULE 144A THEREUNDER. THE HOLDER OF THE SECURITY EVIDENCED HERBY AGREES FOR THE BENEFIT OF THE COMPANY THAT (A) SUCH SECURITY MAY BE RESOLD, PLEDGED, OR OTHERWISE TRANSFERRED. ONLY (1) (a) TO A PERSON WHO THE SELLER REASONABLY BELIEVES IA A QUALIFIED INSTITUTIONAL BUYER (AS DEFINED IN RULE 144A UNDER THE SECURITIES ACT) IN A TRANSACTION MEETING THE REQUIREMENTS OF RULE 144A, (b) IN A TRANSACTION MEETING THE REQUIREMENTS OF RULE 904 UNDER THE SECURITIES ACT OR (d) IN ACCORDANCE WITH ANOTHER EXEMPTION FROM THE REGISTRATION REQUIREMENTS OF THE SECURITIES (AND BASED UPON AN OPINION OF COUNSEL IF THE COMPANY SO REQUEST. (2) TO THE COMPANY OR ITS SUBSIDIARIES, OR (3) PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT AND, IN EACH CASE, IN ACCORDANCE WITH ANY APPLICABLE SECURITIES LAW OF ANY STATEOF THE UNITED STATES OR ANY OTHER APPLICABLE JURISDICTION AND (B) THE HOLDER WILL AND EACH SUBSEQUENT IS REQUIRED TO, NOTIFY ANY PURCHASER FROM IT OF THE SECURITY EVIDENCED HEREBY OF THE RESALE RESTRICTIONS SET FORTH IN (A) ABOVE.

EXHIBIT A

# COUNTY AND CITY OF PHILADELPHIA
## PHILADELPHIA SHERIFF'S OFFICE
### CIVIL ENFORCEMENT UNIT

# EVICTION NOTICE

## SHERIFF NUMBER # 254051

TO: JUDGMENT DEBTOR, MEMBERS OF THE JUDGMENT DEBTOR'S HOUSEHOLD, AND ANY OCCUPANTS

RESIDING WITH THE JUDGMENT DEBTOR.

BY VIRTUE OF A *WRIT OF POSSESSION* OF REAL PROPERTY, A COPY OF WHICH IS ATTACHED,

YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER THAN:

Wednesday January 26th 2022 AT 9:00 A.M.

DEPUTY SHERIFF DAVENPORT PHONE # (215)  / OFFICE # (215) 686-3542

CIVIL ENFORCEMET PHONE # 215-686-3542 / FAX # 215-686-3555

100 S. BROAD STREET 5TH FLOOR, PHILADELPHIA, PA 19110

254051

*Exhibit B*

COURT OF COMMON PLEAS

NO. 190501616

---

BANK OF AMERICA, N.A.
Plaintiff
v.
REGINALD NOBLE YHWH
TENANT/OCCUPANT
Defendant(s)

---

WRIT OF POSSESSION

---

Costs
Prothy Pd.
Judgment Fee
Satisfaction Fee

By: *Meghan Power*

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
133 Gaither Drive, Suite F
Mount Laurel, NJ 08054
ATTORNEY FOR PLAINTIFF

NOV -4 2021 A 10: 00
PHILA SHERIFF'S OFFICE
CIVIL OPERATIONS

Address: 1533 ORLAND STREET PHILADELPHIA, PA 19126
WHERE PAPERS MAY BE SERVED

18-187282 -- MeM

Case ID: 190501616