IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD C. NOBLE**, *Plaintiff* v. **COURT OF COMMON PLEAS, PHILADELPHIA COUNTY, et al.**, *Defendants* | **Case No. 2:22-cv-00295-JDW** |

### MEMORANDUM

After losing in two different state court proceedings, Reginald C. Noble is trying his luck in this Court. But Mr. Noble's Notice of Removal is far too late to be effective, and the *Rooker-Feldman* doctrine bars this Court from hearing his claims challenging the state court judgments against him. As a result, the Court will remand Mr. Noble's ejectment proceedings and dismiss any new claims that Mr. Noble intended to raise.

### I.   RELEVANT BACKGROUND

In April 2018, Bank of America, N.A. initiated mortgage foreclosure proceedings against Mr. Noble in the Philadelphia Court of Common Pleas. From a review of the docket in that case, it appears that the trial court entered a default judgment against Mr. Noble, and the underlying property was sold at a Sheriff's sale on March 14, 2019. The next day, Bank of America initiated ejectment proceedings to remove Mr. Noble from the property. Mr. Noble appeared in that matter and attempted to file an appeal. Ultimately, the trial court entered judgment against him and issued a writ of possession.

According to Mr. Noble's filings, it appears that he is scheduled to be evicted on March 7, 2022 at 9:00 a.m.

On January 19, 2022, Mr. Noble filed a Complaint in this matter, styled as a "Notice of Removal" and "Complaint Under Demurrer for Equity." (ECF No. 1.) In his Complaint, Mr. Noble names the Court of Common Pleas of Philadelphia County, the Office of the Sheriff Philadelphia County, Bank of America, N.A., Bank of America's CEO Anthony H. Banone, and the law firm of Robertson, Anschutz, Schneid, Crane & Partners PLLC, as defendants. It is unclear whether Mr. Noble intends to name the United States Secretary of Housing and Urban Development as a defendant as well or whether he listed her as a witness only. In any event, Mr. Noble contends that the judgments that the Common Pleas Court entered against him in the foreclosure and ejectment proceedings are void.

On January 25, 2022, Mr. Noble filed a Notice of Removal to "haul [sic] all action perpetrated unconstitutionally by the Court of Common Pleas" including "all actions pertaining to 'Notice of Eviction'." (ECF No. 5.) Then, on February 17, 2022, Mr. Noble filed a Motion For Emergency Injunction And Restraining Order, presumably to stop his eviction. (ECF No. 9.) The next day, the Court issued an Order directing Mr. Noble to show cause by February 25, 2022, as to why the Court has subject matter jurisdiction over this case and why it should not remand this matter to the Philadelphia Court of Common Pleas. (ECF No. 10.) Mr. Noble filed a letter in response. (ECF No. 13.)

## II.   ANALYSIS

### A.   Subject Matter Jurisdiction

Although it is not entirely clear what claims Mr. Noble asserts, the Court does not have jurisdiction over any claim he could assert. The Court does not have subject matter jurisdiction over Mr. Noble's claims. Mr. Noble's Notice of Removal references diversity jurisdiction, but Mr. Noble is a resident of Pennsylvania, and so is the Philadelphia County Sheriff. Complete diversity does not exist, and the Court cannot exercise jurisdiction on that basis. *See* 28 U.S.C. § 1332(a). Mr. Noble does not address this issue in his response to the Court's Order to Show Cause.

Mr. Noble's Complaint and Notice of Removal also contain passing references to the Single Family Mortgage Foreclosure Act, Federal Corrupt Practices Act, Racketeer Influenced and Corrupt Organizations Act, Identity Theft, False Claims Act, Tax Fraud, and vague constitutional violations. (*See, e.g.*, ECF No. 1 at lines 164-65, 241, 276-78, 366-67.) Assuming those claims are cognizable, the *Rooker-Feldman* doctrine bars the Court from hearing them. That doctrine prevents federal courts from presiding over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 384 (3d Cir. 2021) (quotation omitted). The doctrine applies when: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by the state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject

3

the state judgments." *Id.* at 385 (same). Mr. Noble cannot avoid *Rooker-Feldman*. He lost in both the foreclosure and ejectment proceedings which he seeks to challenge here and from which his alleged injuries flow. Those judgments were entered long-before Mr. Noble filed his Complaint in this matter, and he asks the Court to declare them void. Mr. Noble's claims, asking the Court to vacate those judgments and prevent Defendants from evicting Mr. Noble, "are precisely the type of claims that *Rooker-Feldman* precludes." *Soral v. Wilmington Tr. NA*, 828 F. App'x 102, 105 (3d Cir. 2020). Regardless of how Mr. Noble characterizes his claims, they all challenge the state court decisions, and this Court has no jurisdiction to hear them.

### B. Procedural Defect

Mr. Noble's claims also fail because his Notice of Removal is procedurally defective. Federal law required him to remove his matter "within 30 days after the receipt … of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons …, whichever period is shorter." 28 U.S.C. § 1446(b)(1). Bank of America initiated the ejectment proceedings against Mr. Noble on May 15, 2019, but he did not invoke federal jurisdiction for more than 18 months. Mr. Noble has not offered any explanation for why his Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) or why the Court should excuse his untimely filing.

### III.    CONCLUSION

This Court has no power to hear Mr. Noble's claims, so the Court will remand Mr. Noble's ejectment matter to the Philadelphia Court of Common Pleas and dismiss any new claims that Mr. Noble intended to raise. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*  
JOSHUA D. WOLSON, J.

Date: March 1, 2022