

UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
601 Market Street First Floor, Federal Courthouse
Philadelphia Pennsylvania 19106

UNITED STATES OF AMERICA
ex-rel ESTATE OF NOBLE,
OFFICE OF THE SECRETARY
U.S. DEPARTMENT OF URBAN DEVELOPMENT
    Plaintiffs/Claimant

vs

COURT OF COMMON PLEAS et. al

Rochelle Bilal, Sheriff                    Case no. 2:22-CV-00295
OFFICE OF THE SHERIFF
PHILADELPHIA COUNTY et. al

Anthony H. Banone CEO. and
BANK OF AMERICA NA. et. al

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS PLLC et. al
    Defendants/Respondents

## MEMORANDUM FOR EMERGENCY INJUNCTION AND RESTRAINING ORDER

We, the People of the United States of America present Reginald C. Noble Plaintiff/Claimant in this matter hereby bring to the attention of this Honorable Court, pursuant to Federal Rule 65 of Civil Procedure, as follows:

### JURISDICTION AND BASIS FOR JURISDICTION

**Federal Jurisdiction**

Pursuant to 28 U.S.C. § 1332, citizens of different states or nations who bring any action against those of a different state or nation in excess of $75,000 are within proper jurisdiction of this court. In addition, and pursuant to 28 U.S.C. § 1331, those matters arising under the United States Constitution or federal laws or treaties are federal cases.

Plaintiffs aver that this matter is subject to both diversity in residency as well as federal laws, both of for which Plaintiffs demand federal jurisdiction.

**Additional Basis for Jurisdiction**

This court has plenary power to administer *equity* according to well-settled principles of *equity* jurisprudence in cases and subject matters under its jurisdiction; *Turner v. Hostellar, 359 Pa. Super. 167,518 A.2d 833 (1986).* Under Rule 3165 "After execution and return of the writ, if the accused shall reenter into possession, the Prothonotary, upon Praecipe and affidavit setting forth the facts, filed within (3) years after the return of the writ on which execution was completed, shall issue a new writ of possession." This Court also has jurisdiction over this matter pursuant to *35 U.S.C. §31, 28 U.S.C. § 2201* (the uniform Declaratory Judgment Act), *28 U.S.C. § 151* and *28 U.S.C. 85 §1338* as this court has personal jurisdiction over all Respondent(s) because all Respondent(s) are organized in, residents of and/or have their principal offices in this judicial district. Additionally, venue is proper in this court pursuant to *28 U.S.C. 87* because Respondent(s), have a regular and established place of business in this Judicial District, as defined in *28 U.S.C. 451,* notwithstanding that the Respondents affiliate with or within the Federal Reserve District and because jurisdiction in Pennsylvania is a creature of the Constitution. A challenge can be raised by any party or by the court *sua sponte*, at any time, even on appeal. Jurisdiction can be challenged at any time, and Jurisdiction, once challenged, cannot be assumed, and must be decided. The District Court of Philadelphia County, Pennsylvania cannot rule on its own jurisdiction.

### WHY THE COURT SHOULD NOT REMAND THIS MATTER TO THE PHILADELPHIA COURT OF COMMON PLEAS

Plaintiffs avers that its *"subject trust property"* has received several unwarranted *foreclosure* and *writ*s of ejectment under court registry investment docket number *#190501616* and #180400911, respectfully, which Plaintiffs submits to this tribunal, were all induced by, (**1**) an invalid summary judgment, if any; (**2**) fraudulent conveyance; (**3**) forged documents (deed) and; (**4**) unconstitutional actions. Citing *Christos Sourovelis Plaintiff v. City of Philadelphia Defendant(s) et. alii. Case no 14-4687, Order certified January 3, 2020*:

> "[U]pon consideration of "Plaintiff s" and Additional Plaintiffs who are entitled to the return of their property that was unlawfully taken from them in direct violation of the Pennsylvania Constitution and the Order entered by the Commonwealth Court, In case law cited as Commonwealth of Pennsylvania, vs. Justin Irland; The Commonwealth and its courts never had right to confiscation authority and that it never came with them from across the sea. Also Religious Immunity from (tax, levy, and feess *[sic]*) As cited by our Supreme Court, in Murdock vs. Pennsylvania, cited as case law, 319 U.S. 105, et. seq. Incorporated and made part of this **order.**"

These current actions are in contempt to this Order, which Order appears to have no effect on the activity of the parties addressed.

Plaintiffs, now two years later, moves the honorable court to issue an order in the form of MANDAMUS as an Emergency Permanent Injunction to prevent the ongoing actions in contempt. The "...unlawful confiscation by Deceptive Business Practices of persons acting on the supposed authority of City Philadelphia, Its Agents and Attorneys and under the Commonwealth and its Court(s) in direct violation of the Commonwealth of Pennsylvania Article 1, Section 8, the Federal Constitution Fourth Amendment and Deviation of Rights 241-242, of Plaintiff, to further expound on why this case OUGHT not be remanded is violation of the Fifth Amendment and Fourteenth Amendment to the

3

United States Constitution which declare that governments cannot deprive any person of "life, liberty, or property" without due process of law.

A brief historical outline of the Defendants actions and violations against Plainitiffs are as follows:

1. On or about March 17th, 1981, an unlawful fraudulent deed transfer was committed, and forged Reginald C. Noble Trust off, and said deed had no notary stamp or seal making that deed VOID on its face.
2. The contempt of the law firm RAS Citron Laws Offices violation of Judge Ida Fox Order October 23rd 2018, in which a Trial Pool for November 2019 was scheduled
3. On or about March 2019 an unlawful Sheriff Sale was committed.
4. On or about July 19th 2019 a order was submitted for a case management hearing for August 19th 2019 see exhibit 35A, which was completed
5. On or about August 8th a Motion for Judgment entered by RAS Citron Law Offices was Denied by Judge Wright.
6. On or about October 2019 Motion for Summary Judgment was entered and granted the same filing as the Motion for Judgment.

FOR THESE REASONS, as result of the foregoing, Plaintiffs move this honorable Court to the grant an Injunction and Restraining Order in favor of Plaintiff:

1. Prohibiting the Defendants and all persons acting on any Defendant's behalf which enjoins them from further actions seeking confiscation or otherwise trespassing on Plaintiff's subject land, in violation of prior orders against such activities;
2. Denying Defendants request to remand this matter to Commonwealth Court, pending entry by the Court of a final judgment in this action.

3. Other such relief as may be deemed appropriate by this Court.

>Respectfully submitted,
>
>_____
>Reginald Noble YHWH - heir

## CERTIFICATE OF SERVICE

R.C.U.
mailed

I HEREBY CERTIFY that on the 25 day of February 2022, I will ~~hand~~ deliver the foregoing document to the following:

Keith R. Lorenze, Esq. General Counsel
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
133 Gaither Drive Suite F
Mount Laurel, New Jersey 08054
klorenze@raslg.com

Michell H. Badolato Esq.
Stradley, Ronon, Steven, & Young, LLC.
457 Haddonfield Road, Suite 100
Cherry Hill New Jersey 08002-2223

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY
Room 386 CITY HALL
Philadelphia, PA  19107
Attn: President Honorable  Judge Idee Fox

Rochelle Bilal, Sheriff
OFFICE OF THE SHERIFF, Philadelphia County
100 South Broad Street 5th Floor
Philadelphia Pa. 19110
       Defendant(s)

Marcia Fudge Secretary
U.S. Department of H.U.D
2344 Rayburn Hob.
Washington, D.C.  20515
    Plaintiff

_____
Reginald Noble YHWH - heir

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA
601 Market Street Second Floor, Federal Courthouse
Philadelphia Pennsylvania 19106

REGINALD C. NOBLE, UNITED STATES OF AMERICA
ESTATE OF NOBLE, IN TRUST TO REGINALD C. NOBLE
GRANTOR/SETTLER EX-REL ESTATE OF NOBLE
OFFICE OF THE SECRETARY FOR
HOUSING & URBAN DEVELOPMENT et. alii.
  Plaintiff/Claimant
        vs                                          Case no. _____

COURT OF COMMON PLEAS, PHILADELPHIA et. alii

OFFICE OF THE SHERIFF
PHILADELPHIA COUNTY et. alii

Anthony H. Banone CEO. and
BANK OF AMERICA NA. et. alii

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS PLLC et. alii
  Defendant(s)/Respondent(s)

---

## ORDER

On this _____ day in the month of _____ in the year, 20_____,
It is hereby ordered and granted that an Injunction and Restrain Order is granted in favor of the Plaintiff.


It is so ordered and granted with prejudice.


_____
J