IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD C. NOBLE**, *Plaintiff* v. **COURT OF COMMON PLEAS, PHILADELPHIA COUNTY, et al.**, *Defendants* | Case No.  2:22-cv-00295-JDW |

### ORDER

**AND NOW,** this 22d day of June, 2022, upon review of Plaintiff Reginald Noble's recent filing, which the Court construes as an Amended Notice of Removal (ECF No. 19), the Court notes as follows.

1. Though it is not entirely clear what claims Mr. Noble asserts in his recent filing, the Court held in an Order dated March 1, 2022, that it has no subject matter jurisdiction over any claim that Mr. Noble could assert. As the Court explained, Mr. Noble cannot invoke diversity jurisdiction because complete diversity does not exist between him and the Defendants. In addition, the *Rooker-Feldman* doctrine bars any claims arising from state court foreclosure and ejectment proceedings. The Court's Order also explains that Mr. Noble's Notice Of Removal was procedurally defective, as it was untimely.

2. Despite the Court's prior Order, Mr. Noble has re-filed what appears to be another Notice Of Removal, without addressing any of the Court's reasoning.

3.       When remanding a matter after removal, a Court "may require payment of just costs and any actual expenses . . . incurred as a result of the removal." 28 U.S.C. § 1447(c). At the same time, the Court retains the inherent right to sanction attorneys and parties that appear before it. See In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions, 278 F.3d 175, 189 (3d Cir. 2002) (citations omitted). And the Court can sanction any party that signs a submission without a good faith basis. See Fed. R. Civ. P. 11.

In light of the foregoing it is **ORDERED** that Mr. Noble shall show cause in a memorandum not to exceed ten (10) pages filed on or before July 1, 2022, explaining (a) why the Court has subject matter jurisdiction over this case and why the Court should not again remand this matter to the Philadelphia Court of Common Pleas; and (b) why sanctions should not be imposed, pursuant to section 1447(c), Rule 11, or the Court's inherent authority, for Mr. Noble's willful advancement of frivolous facts and legal arguments.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.