REC'D JUN 30

**From: <u>Crime-Victim(s) for Grand Jury-Bill of Indictment and Equal-Protection State-Federal Remedy/Bill of Right, other! C/o: Universal-Co-Operative Memberships, Inc. Members-Estates and Crime-Victim-Heirs and Additional Claimant(s) P.O.Box 676 Trenton-City New Jersey-United States, Rep. Jurisdiction over Crimes and Conspiracies against people of State-Federal Statutory Crime Code Due Process-protection</u>**

For: Help-Treaty-Consul-(Attorney-In-Fact): Call Rep: 609-858-3361

In The United States District Court,
For the Eastern-District Of Pennsylvania, Criminal-Section

REGINALD C. NOBLE, et al.

v.                                     Case No. 2:22-cv-00295-JDW

Court Of Common Pleas,

Philadelphia County, et al.

To The Chief Clerk, Judge and Justice of the said Courts !
**Notice of Mistaken Use** of Case No. <u>2:22-cv-00295</u>

Kindly accept this Letter-Notice of Mistaken Use of Case Number #2:22-cv-00295-JDW, that was placed on our filing "Notice of Removal to the Federal Court Jurisdiction" or Commonwealth Court, (42 Pa.761) Original- Jurisdiction?

The Clerk of the Court in City Hall informed us that All Removals must first be filed in the Federal District Court before they can place it on their docket ? This is why we filed our Notice of Removal with You ? United States Court of Appeals under Case No. 21-3359 as we are told that this is a Criminal Case for the Arrest of certain-criminals, by Grand-Jury Indictment pursuant to Due Process clause ?

Letter in Response to Order dated 22nd day of June, 2022 to correct a recent filing that was not filed by Mr. Noble R. We, pray for correction of this Mistake !

Served on 6/30/2022, By; Universal Co-op
[signature]

*Notice to Judge! and Justice(s)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

REGINALD C. NOBLE, *et. al.*

Plaintiff(s)

v.

COURT OF COMMON PLEAS,
PHILADELPHIA COUNTY, et al.,

Defendants

Case No. 2:22-cv-00295-JDW

*Mistake/Wrong case? For criminal process!*

### ORDER

**AND NOW,** this 22d day of June, 2022, upon review of Plaintiff Reginald Noble's recent filing, which the Court construes as an Amended Notice of Removal (ECF No. 19), the Court notes as follows.

1. Though it is not entirely clear what claims Mr. Noble asserts in his recent filing, the Court held in an Order dated March 1, 2022, that it has no subject matter jurisdiction over any claim that Mr. Noble could assert. As the Court explained, Mr. Noble cannot invoke diversity jurisdiction because complete diversity does not exist between him and the Defendants. In addition, the *Rooker-Feldman* doctrine bars any claims arising from state court foreclosure and ejectment proceedings. The Court's Order also explains that Mr. Noble's Notice Of Removal was procedurally defective, as it was untimely.

2. Despite the Court's prior Order, Mr. Noble has re-filed what appears to be another Notice Of Removal, without addressing any of the Court's reasoning.

*"Not filed by Mr. Noble". See: filing for Criminal case Indictment Judge See pg 2 - (Note) - 18.*

3. When remanding a matter after removal, a Court "may require payment of just costs and any actual expenses . . . incurred as a result of the removal." 28 U.S.C. § 1447(c). At the same time, the Court retains the inherent right to sanction attorneys and parties that appear before it. *See In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (citations omitted). And the Court can sanction any party that signs a submission without a good faith basis. *See* Fed. R. Civ. P. 11.

In light of the foregoing it is **ORDERED** that Mr. Noble shall show cause in a memorandum not to exceed ten (10) pages filed on or before July 1, 2022, explaining (a) why the Court has subject matter jurisdiction over this case and why the Court should not again remand this matter to the Philadelphia Court of Common Pleas; and (b) why sanctions should not be imposed, pursuant to section 1447(c), Rule 11, or the Court's inherent authority, for Mr. Noble's willful advancement of frivolous facts and legal arguments. *Notice! Not filed by Mr. Noble!*

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

*Note!*
*Dear Mr. Joshua D. Wolson, J.!*
*Please accept our Correction, Secretary made Mistake by or-placed wrong case No. on our-removal for Criminal Jurisdiction, Grand Jury clause and crime(s)... Title 18 §241, 242; 42 §1441, et seq.?*